### JOHN H. BURCHETT v. R. M. BIGGS.

**Appeals—Preparation of Record.**

> A record made out by the clerk in an appeal should contain the orders of the lower court in their chronological order, and every order should be dated.

**Notice to Take Depositions.**

> Where a plaintiff does not reside in the county a notice to his attorney of the time and place of taking depositions is sufficient, whether the attorney resided in the county or not.

### APPEAL FROM CARTER CIRCUIT COURT.

February 5, 1876.

OPINION BY JUDGE COFER:

The sole question involved in the case of Thompson against Carter & Biggs was whether they had received title from Dawson, with notice of Thompson's equity derived from Dawson through Stewart. If Dawson sold by bond to Stewart, and Thompson entered under Stewart, and Carter and Biggs, at the time of receiving their deed from Dawson, had notice of Thompson's equity, they would have held the legal title in trust for Thompson. Whether Thompson had such equity, and if so whether Carter & Biggs had notice of it when they accepted their deed from Dawson, were the only questions involved in that case. In his petition Thompson alleges that he entered under Dawson's title, and that Dawson had conveyed the land claimed by him to Carter and he to Biggs.

That record there establishes as against Thompson and his vendor two facts. 1. That Thompson entered and held under Dawson up to the time the latter conveyed to Carter; and 2. That Carter & Biggs were invested with Dawson's title.

Up to the date of the conveyance from Dawson to Carter, Thompson did not hold adversely to Dawson, and no possession prior to the date of that deed can now avail the appellant. But from the date of the deed, if Thompson was in possession of the land claiming to own it, his possession was adverse to Carter & Biggs; and if he and the appellant so held possession for fifteen years before this suit was commenced, such possession would bar the action. It was, therefore, error to tell the jury that if the deeds mentioned in the first instruction covered the land they should find for the plaintiffs. This cut off all right of the appellant to rely upon his possession subsequent to the date of Carter's deed from Dawson.

The appellant cannot dispute the title of the appellee except on

the ground of fifteen years adverse possession since the filing of Thompson's petition against Carter & Biggs. The court, therefore, should have instructed the jury to find for the plaintiffs, unless they believed from the evidence that the appellant and Thompson had by themselves or tenants held adverse possession of the land for a period of fifteen years since the date of the deed from Dawson to Carter. This would have presented to the jury the only question of fact in the case, and would render unnecessary the great mass of testimony in regard to possession prior to the date of that deed, which served no other purpose than to confuse and obscure the real issue in the case.

We do not regard the record of the action of Dawson against Hood, or the bond executed by Thompson to Carter & Biggs, as in anyway competent or relevant. The appellant is bound by the recognition of Thompson in his suit against Carter & Biggs, of the fact that they had a valid legal title to the land derived from Dawson under whom he entered; and he cannot, therefore, claim to have held adversely to Dawson, or Dawson's title until after the' conveyance by Dawson to Carter. The bond of Thompson was a conditional sale, depending upon his success in his suit against Carter & Biggs, and the contingency upon which it depended never having happened, it is as if the writing had never been executed.

We cannot certainly determine when the exceptions to Campbell's deposition were filed. Neither the bill of exceptions, nor the order filing them shows on what day they were filed, or whether before or after the swearing of the jury. The orders of court are not copied in regular order, but are intermingled with the bill of exceptions in a state of vexatious confusion. The order filing the special bill of exceptions is as follows:

"Carter Circuit Court, August Term, 1872.
R. M. Biggs' Heirs, Plaintiffs, v. John H. Burchett, Defendant,
Ordinary.
This day the defendant produced his bill of exceptions signed and sealed by the court and ordered to be made a part of the record herein."

The order filing the exceptions is in the same style, and also without date, and embodied in the general bill of exceptions which has been cut asunder by the clerk, by these orders and this special bill reserving exceptions to the ruling of the court on the appellee's exceptions to Campbell's deposition. Clerks should know that a

record made out for this court should contain the orders of the lower court in their chronological order, and that every order should be dated; and counsel having records made upon which to prosecute appeals, owe it to the court below, to their clients, themselves and this court, to refuse to accept or file here records not made out in a legible handwriting and in proper form.

The deeds and other writings made part of the bill of exceptions are not copied as a part of it, but follow it; and are not designated by the clerk as the papers referred to in the bill of exceptions. Each of these writings and the records of other suits which were read in evidence should have been copied in the body of the bill of exceptions immediately following the statement that they were read. For instance, the bill of exceptions contained this: "Plaintiff then introduced a deed from Nathaniel Dawson to R. G. Carter, and read the same to the jury as evidence, to the reading of which the defendant excepted and still excepts (here insert it)." But the clerk, instead of inserting "it" at that place, preceded by the words "which deed reads as follows, viz.," says in parentheses, "See page 64-66."

We might point out many other gross errors of the clerk, but it is deemed unnecessary to say more on that subject, except that owing to the extremely unskillful manner in which the record has been made out we have great difficulty in understanding the case, and have been compelled to consume a great deal of valuable time that would not have been required if the circuit clerk had properly performed his duty in making up and copying the orders of court and in copying the residue of the record.

As already stated, we cannot decide from the record whether the exceptions to Campbell's deposition were filed before or after the jury was sworn. If filed after that the exceptions came too late (Sec. 651 and 654, Civil Code), and should not have been permitted to be filed, and if filed should have been overruled, even though it appeared that the witness resided in the county. It having been admitted that none of the plaintiffs resided in Carter county, the notice to their attorney of the time and place of taking depositions was sufficient, whether the attorney resided in the county where the action was pending or not. Sec. 700, Civil Code.

For the errors indicated the judgment is *reversed* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*R. D. Davis and J. R. Botts, for appellant.*

*E. F. Dulin, for appellee.*